# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RICHARD M ELBERT, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-00788-CV-RK |
| CITY OF KANSAS CITY MISSOURI, et al., | ) |
| Defendants. | ) |

## AMENDED ORDER[1]

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim ("the Motion"). (Doc. 22.) The Motion is fully briefed. (Docs. 23, 25.) After careful consideration, the Motion is **GRANTED** as to Counts I through X against Defendant City of Kansas City and **GRANTED** as to Counts V through X against Defendants in their official capacity; those Counts are **DISMISSED with prejudice**. The Count **DECLINES** to assert supplemental jurisdiction over the remaining state law claims in Counts V through X against Defendants in their individual capacity, and the case is therefore **REMANDED.**

## Background

Plaintiff's Complaint alleges that Defendants' actions during the installation of water services equipment and implementation of water billing procedures violated Plaintiff's Constitutional rights. Specifically, Plaintiff argues Defendants improperly installed water services equipment on Plaintiff's property, and the result of such faulty installation increased Plaintiff's water bills artificially. Plaintiff alleges that, after bringing this to Defendants' attention, Defendants improperly billed Plaintiff for inaccurate water usage. Plaintiff alleges the following causes of action in his Complaint:

- Count 1: "Negligent Training/Failure to Train or Supervise/Inadequate Training – Water Department Installation Personnel – in Violation of U.S. Const. Amend. V & XIV pursuant to 42 U.S.C. § 1983 against Defendant City of Kansas City;"

---

[1] This Order amends the Court's earlier order dismissing without prejudice the remaining counts (Doc. 46).

- Count II: "Negligent Training/Failure to Train or Supervise/Inadequate Training – Water Department Billing Personnel – in Violation of U.S. Const. Amend. V & XIV Pursuant to 42 U.S.C. § 1983 against Defendant City of Kansas City;"
- Count III: "Failure to Set Constitutionally Correct Policies and Procedures for Correct Installation of Water Service Equipment and Appropriation and Destruction of Private Property Owned by Plaintiff without Due Process against Defendant City of Kansas City; U.S. Const. Amend. V & XIV Pursuant to 42 U.S.C. § 1983;"
- Count IV: "Failure to Set Constitutionally Correct Policies and Procedures for Investigation of Complaints pertaining to Water Service and Retention of Plaintiff's Money due to Incorrect Billing Practices without Due Process against Defendant City of Kansas City, Missouri; U.S. Const. Amend. V & XIV Pursuant to 42 U.S.C. § 1983."
- Count V-X: Negligence actions against Defendant City Kansas City in Counts V-X and against the following Defendants in both their official capacity and individual capacity: Count V Dequan Stone and John Doe 2; Count VI Issac Freeman and John Doe 4; Count VII Yvonne Deines; Count VIII Shanise Williams; Count IX Dawnetta Taylor; and Count X Shericka Slack.

Defendants argue dismissal is proper on all counts pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim.

**Legal Standard**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Arkansas Dept. of Human Serv.*, 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation marks and citation omitted). When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

As this case involves a *pro se* plaintiff, this Court will only dismiss if it appears beyond doubt that the plaintiff "can prove no set of facts in support of his claim which would entitle him

to relief." *Fortney v. Mullins*, 2011 U.S. Dist. LEXIS 53550, at *8 (N.D. W. Va., Apr. 6, 2011) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Lomax v. Aegis Funding Corp.*, 2010 U.S. Dist. LEXIS 39075, at *7 (E.D.N.Y. Apr. 19, 2010) (quoting *Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002)). Likewise, "mere conclusions of law or unwarranted deductions need not be accepted." *Alston v. Sebelius*, 2014 U.S. Dist. LEXIS 123613, at *8 (E.D.N.Y. Sept. 2, 2014).

## Discussion

### I. Counts I, II: Negligent Training/Failure to Train or Supervise/Inadequate Training in Violation of 42 U.S.C. § 1983

Plaintiff's Complaint alleges Defendant Kansas City is liable under 42 U.S.C. § 1983 because it has an unconstitutional policy or custom of failing to train, inadequately training, and/or failing to supervise its employees in proper water service equipment installation and water billing practices. "Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an 'official municipal policy,' (2) an unofficial 'custom,' or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (internal quotation marks and internal citations omitted).

#### A. Unconstitutional Policy

To sufficiently allege a § 1983 claim that Defendant Kansas City employs an unconstitutional policy, Plaintiff must show an unconstitutional policy exists and that the policy is "an official policy, a deliberate choice of a guiding principle or procedure made by the municipal officer who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the moving force [behind] the constitutional violation." *Id.*

Here, the Complaint alleges that Defendant Kansas City has an unconstitutional policy of failing to provide adequate training to water equipment installation and billing personnel. As a part of this policy, the Complaint also alleges that Defendant Kansas City directs billing personnel to estimate water usage amounts instead of employing actual water usage data. However, Plaintiff's Complaint does not provide any support or reference that an unconstitutional policy was established or a municipal officer clothed with authority to make policy decisions acted with a deliberate indifference. *See Twombly*, 550 U.S. at 555 ("To

3

withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Accordingly, Plaintiff has not sufficiently alleged that Defendant employs an unconstitutional policy to survive a Rule 12(b)(6) motion to dismiss.

### B. Unconstitutional Custom

Next, to sufficiently allege a § 1983 claim that Defendant Kansas City employs an unconstitutional custom, Plaintiff must sufficiently allege the following elements: (1) a continuing, widespread, persistent pattern of unconstitutional misconduct by Defendant Kansas City's employees exists; (2) Defendant Kansas City's policymaking officials acted with deliberate indifference or tacit authorization to such conduct after receiving notice of the misconduct; and (3) Plaintiff was injured by Defendant's custom, or in other words, "the custom was a moving force behind the constitutional violation." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016).

As to the first element, Plaintiff has not identified any other transgressions that have occurred despite his own; therefore, Plaintiff cannot demonstrate a pattern of unconstitutional conduct has taken place.[2] Next, "[d]eliberate indifference . . . requires proof that city policymakers disregarded the known or obvious consequence that a particular omission in their training program would cause city employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 51-52 (2011) (internal quotation marks and citation omitted). The Complaint alleges "[i]n a persistent pattern over the last ten years, Kansas City water department has received many complaints from Kansas City residents about installation of defective water department equipment or about faulty installation of water department equipment." (Doc. 21, at 9.) Despite Plaintiff's allegations of notice, Plaintiff does not allege that an official with appropriate authority to make policy decisions received notice of the complaints and acted with deliberate indifference after receiving such notice. In fact, the only factual support

---

[2] In support of his allegations, Plaintiff provided two exhibits with his suggestions in opposition to the Motion. While matters outside the pleading are not considered with a motion to dismiss, even considering these exhibits, the Complaint provides only bare conclusory allegations insufficient to survive a 12(b)(6) motion to dismiss.

4

concerning this element in the Complaint indicates that the water department repaired or replaced Plaintiff's equipment each time Plaintiff complained of its malfunction.[3]

Finally, because the Complaint does not sufficiently allege that Defendant Kansas City engaged in an unconstitutional custom or widespread pattern, the Complaint does not sufficiently allege Plaintiff was injured by Defendant Kansas City's custom. Accordingly, without any factual allegations in support of a pattern of unconstitutional conduct, Plaintiff has merely recited the elements of a § 1983 claim. *See A.A. v. City of Florissant*, 2015 U.S. Dist. LEXIS 125637, at *7-8 (the court held that plaintiffs did not provide sufficient factual allegations that the defendant employed an unconstitutional custom to survive a motion to dismiss because plaintiff did not identify any other transgressions that occurred other than his own, and in the absence of such allegations, the defendant cannot be liable under § 1983). Accordingly, Plaintiff has only asserted bare conclusory allegations in support of his claim that Defendant Kansas City employs an unconstitutional custom insufficient to survive a motion to dismiss pursuant to Rule 12(b)(6).

**C. Failure to Train/Supervise**

Last, Plaintiff argues Defendant is liable under § 1983 for failure to train its employees in the installation of water equipment and proper billing practices. "A municipality may be liable under § 1983 for failure to train where (1) the municipality's training practices were inadequate; (2) the municipality was deliberately indifferent to the constitutional rights of others, such that the failure to train reflects a deliberate or conscious choice by the municipality; and (3) an alleged deficiency in the training procedures actually caused the plaintiff's constitutional injury." *Rodgers v. Knight*, 781 F.3d 932, 942 (8th Cir. 2015) (internal quotation marks and citation omitted). "A claim for failure to train or supervise must plausibly allege that the supervisor had notice that the training procedures were inadequate and likely to result in a constitutional violation." *Crump v. Boester*, 2016 U.S. Dist. LEXIS 54668, at *12 (E.D. Mo. Apr. 25, 2016) (internal quotation marks and citation omitted). "[M]unicipal liability under § 1983 attaches where – and only where - a deliberate choice to follow a course of action is made from amount various alternatives" by those with the authority to make policy decisions. *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986).

---

[3] On February 21, 2017, Defendants Issac Freeman and John Doe 4 went to Plaintiff's house after receiving a complaint about Plaintiff's water equipment's functioning. (Doc. 21, at 9). In March 2017, Plaintiff's water meter was replaced with a new water meter. *Id.* at 8.

As with Plaintiff's other theories of liability, Plaintiff makes only conclusory recitations of the elements of a claim based on failure to train or supervise. First, while Plaintiff argues the training programs were inadequate, the Complaint is devoid of any factual allegations as to how or why the programs were inadequate. Plaintiff alleges that if water department installation personnel were trained better, Plaintiff's injuries would not have occurred. However, it is not sufficient when considering a claim for failure to train under § 1983 to allege that if Defendant's were trained better, the injury would not have occurred. *See City of Canton v. Harris*, 489 U.S. 378, 391 (1989) ("Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct."). As to the final elements, the Complaint does not provide more than conclusory allegations that Defendant Kansas City was deliberately indifferent or acted with conscious disregard to Plaintiff's complaints or how their alleged failure to train or supervise caused Plaintiff's injuries. Additionally, while the Complaint alleges that Plaintiff spoke with two supervisors regarding his concerns, the Complaint does not provide any information as to whether this supervisor was provided notice that the training procedures were inadequate and likely to result in a constitutional violation as required for a viable § 1983 failure to train claim. Accordingly, accepting as true all factual allegations in the Complaint and viewing them in light most favorable to Plaintiff, Plaintiff has not stated a plausible claim under § 1983 concerning an unconstitutional policy, custom, or claim for failure to train or supervise.

## II. Counts III, IV: Defendant Kansas City, Missouri's Policies Violated Plaintiff's Right to Due Process under 42 U.S.C. § 1983 Claim

Because the Court has determined that Plaintiff had not sufficiently alleged that Defendant Kansas City employed a policy or custom of failing to train employees, Plaintiff's claim that his property was damaged and he was deprived of money without due process as a result of Defendant Kansas City's policy or custom is not sufficiently alleged in the Complaint.

Further, insofar as Plaintiff's Complaint is not construed as a due process claim and is construed rather as a negligence claim against Defendant Kansas City in Counts III and IV, Defendant Kanas City is entitled to sovereign immunity from any negligence claims.[4] *See*

---

[4] *See* (Doc. 25, at 9) ("Plaintiff agrees with defendants and suggests that state law claims pursued against defendant City of Kansas City Missouri are barred.").

RSMo. § 537.600 (public entities are entitled to sovereign immunity as a matter of law unless that immunity is waived, abrogated, or modified by statute).

### III. Counts V through X: State Law Claims against all Defendants

First, Plaintiff alleges state law negligence claims against Defendant Kansas City. As discussed above, Defendant Kansas City is entitled to sovereign immunity as to all state law negligence claims against it.

Second, Plaintiff also alleges state law negligence claims against the following water department employees in their official and individual capacities: Count V Dequan Stone and John 2 Doe; Count VI Issac Freeman and John 4 Doe; Count VII Yvonne Deines; Count VIII Shanise Williams; Count IX Dawnetta Taylor; and Count X Shericka Slack ("Employees"). Any claim against the Employees in their official capacity is a suit against Defendant Kansas City itself. Therefore, just as Defendant Kansas City is entitled to sovereign immunity, the Employees in their official capacity are likewise entitled to sovereign immunity.

The remaining claims are state negligence claims against the Employees in the individual capacity. Because the Court has dismissed all of Plaintiff's federal law claims and has considered the factors in 28 U.S.C. §1367(c) concerning discretionary supplemental jurisdiction, the Court declines to exercise supplemental jurisdiction on the remaining state law claims.

**Conclusion**

In considering Plaintiff's *pro se* status and viewing all doubts in the Complaint in favor of Plaintiff, the Court finds that Plaintiff has not sufficiently alleged a failure to train or supervise claim under 42 U.S.C. § 1983 in accordance with Rule 12(b)(6). Accordingly, Defendants' Motion to Dismiss (Doc. 22) is **GRANTED** as to Counts I – X against Defendant City of Kansas City, as to Count V against Defendant Dequan Stone and John Doe 2 in their official capacity, as to Count VI against Defendant Issac Freeman and John Doe 4 in their official capacity, as to Count VII against Defendant Yvonne Deines in her official capacity, as to Count VIII against Defendant Shanise Williams in her official capacity, as to Count IX against Defendant Dawnette Tayler in her official capacity, and as to Count X against Defendant Shericka Slack in her official capacity; those Counts are **DISMISSED with prejudice.** The Court **DECLINES** jurisdiction over the remaining state law claims against the Employees in their individual capacity in County V – X, and this case is therefore **REMANDED**.

  **IT IS SO ORDERED.**

                 s/ Roseann A. Ketchmark
                 ROSEANN A. KETCHMARK, JUDGE
                 UNITED STATES DISTRICT COURT

DATED: March 27, 2019